Patrick T. Derksen (State Bar I.D. No. 023178)
**WITTHOFT DERKSEN, P.C.**
3550 North Central Avenue, Suite 1006
Phoenix, Arizona 85012
Telephone: (602) 680-7332
Facsimile: (602) 357-7476
Email: pderksen@wdlawpc.com

Attorneys for Trustee, Jill H. Ford

## UNITED STATES BANKRUPTCY COURT

## DISTRICT OF ARIZONA

| | |
|---|---|
| In re: | ) Chapter 7 |
| PAUL ELIO, | ) Case No. 2:23-bk-00872-MCW |
| Debtor. | ) **TRUSTEE'S OBJECTION TO DEBTOR'S CLAIMED EXEMPTIONS** |

Pursuant to 11 U.S.C. § 522 and Rule 4003(b) of the Federal Rules of Bankruptcy Procedure, the Chapter 7 trustee, Jill H. Ford ("Trustee"), through her attorneys, Witthoft Derksen, P.C., objects to the exemptions claimed by Paul Elio (the "Debtor") in the following assets specified in Debtor's Schedule C filed at Docket No. 1: (1) the real property at 102 West El Caminito Drive Phoenix, AZ 85021; (2) 2020 Chrysler Pacifica; (3) household furniture, furnishings and goods; and (4) BMO Harris Bank checking account ending in -5978. In summary, under the "snapshot rule," the exemption amounts claimed by Debtor were not available to the Debtor based on when the debts were incurred. Because the exemption amounts claimed in Schedule C were not available to Debtor, the claimed exemptions are invalid. This Objection is supported by the accompanying Memorandum of Points and Authorities and the entire record before the Court, all of which are incorporated herein by this reference.

### MEMORANDUM OF POINTS AND AUTHORITIES

### BACKGROUND

1. Debtor filed a voluntary chapter 7 bankruptcy petition on February 14, 2023 (the "Petition Date").

2. Ms. Ford is the duly appointed trustee of Debtor's bankruptcy case.

3. Debtor lists the following as assets of the estate in Debtor's Schedule A/B and claims exemptions in the following assets in Debtor's Schedule C:

    a. The real property at 102 West El Caminito Drive Phoenix, AZ 85021 (the "Real Property") with an asserted value of $941,000.00 and in which Debtor claims a $400,000.00 exemption under A.R.S. § 33-1101(A). *See*, Docket No. 1 at p. 10 and p. 16;

    b. A 2020 Chrysler Pacifica (the "2020 Chrysler") with an asserted value of $39,000.00 and in which Debtor claims a $15,000.00 exemption under A.R.S. § 33-1125(8). *See*, Docket No. 1 at p. 11 and p. 16;

    c. Household furniture, furnishings and goods, including consumer electronic devices and household appliances (the "Household Goods") with an asserted value of $10,000.00 and in which Debtor claims a $10,000.00 exemption under A.R.S. § 33-1123. *See*, Docket No. 1 at p. 11 and p. 16; and

    d. BMO Harris Bank checking account ending in -5978 (the "BMO Account") with an asserted Petition Date balance of $3,376.23 and in which Debtor claims a $5,000.00 exemption under A.R.S. § 33-1126(A)(9). *See*, Docket No. 1 at p. 13 and p. 17.

4. According to the information in Schedule D, all of the debts listed in Schedule D were incurred prior to December 5, 2022. *See*, Docket No. 1 at pp. 18-19.

5. Upon information and belief, most (if not all) of the debts listed in Schedule E/F were incurred prior to December 5, 2022. *See*, Docket No. 1 at pp. 20-23.

## **LEGAL ARGUMENT**

The exemption amounts claimed by Debtor in the Real Property, the 2020 Chrysler, the Household Goods and the BMO Account do not appear to be available because the debts in this case appear to have been incurred prior to December 5, 2022. The statutory initiative titled

"Arizona Protection from Predatory Debt Collection Act" ("Proposition 209") became effective on December 5, 2022 and increases exemptions such as the homestead exemption, vehicle exemption, bank account exemption and household furnishings[1]. Proposition 209 contains a "Savings clause" which appears to limit the increased exemption amounts so that they apply only to debts incurred after December 5, 2022. Put another way, if the debts were incurred prior to December 5, 2022, then the increased exemption amounts provided by Proposition 209 are not available. Under the "snapshot rule" the exemptions that can be claimed and the amount of such exemptions are fixed as of the petition date. *Wilson v. Rigby*, 909 F.3d 306, 308-09 (9th Cir. 2018) (citations omitted). Further, the exemptions claimed by a debtor must be determined in accordance with the state law applicable on the date of filing. *In re Jacobson*, 676 F.3d 1193, 1199 (9th Cir. 2012). In this case, the debts appear to have been incurred prior to December 5, 2022. Therefore, under the "snapshot rule" the increased exemption amounts were not available to Debtor as of the Petition Date and the claimed exemptions in the Real Property, the 2020 Chrysler, the Household Goods and the BMO Account are invalid.

## CONCLUSION

WHEREFORE, for the reasons set forth herein, the Trustee respectfully requests the Court deny the Debtor's claimed exemptions in the Real Property, the 2020 Chrysler, the Household Goods and the BMO Account and for such other and further relief this Court deems just and proper under the circumstances of this case.

Dated April 20, 2023.

**WITTHOFT DERKSEN, P.C.**

By /s/ Patrick T. Derksen        #023178
    Patrick T. Derksen
    Attorneys for Jill H. Ford, Trustee

[1] There is currently an appeal to Proposition 209 and its included exemption increases. If that the appeal ends with a decision that Prop 209 and its exemptions apply to the exemptions claimed by Debtor, then the Trustee will withdraw this Objection.

COPIES of the foregoing were served April 20, 2023 via the Court's CM/ECF Notification System on all parties that requested notice in this case; and COPIES were *e-mailed/mailed to the following parties:

*Larry Watson
United States Trustee's Office
230 North First Avenue, Suite 204
Phoenix, Arizona 85003-1706
Larry.Watson@usdoj.gov

*Jill H. Ford
P.O. Box 5845
Carefree, Arizona 85377
Chapter 7 Trustee
jford@trustee.phxcoxmail.com

Paul Elio
102 West El Caminito Drive
Phoenix, AZ 85021
Debtor

*Allan NewDelman
Allan D. NewDelman PC
80 E. Columbus Ave.
Phoenix, AZ 85012
anewdelman@adnlaw.net
Attorneys for Debtor

/s/ Patrick Derksen